# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LA'RON MARSHALL,**

       **Plaintiff,**

**v.**                                                             **Civil Action No. 2:10-CV-3**
                                                                                            **(BAILEY)**

**HARLEY LAPPIN, Director of the BOP;**
**K. M. WHITE, Mid-Atlantic Regional Dir.;**
**WARDEN JAMES CROSS, Warden USP-Hazelton;**
**DEBBIE LOHR, DHO Official of USP-Hazelton; and**
**CONSTANCE REESE, Warden FCI Talladega;**

        **Defendants.**

## ORDER

On January 11, 2010, *pro se* plaintiff La'Ron Marshall initiated the above-styled civil action by filing a civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971), against the above-named defendants. This case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 83.01, *et seq.*, of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e) and 1915A.

On June 18, 2010, Magistrate Judge Joel issued a Report and Recommendation ("R&R") wherein he recommended that the plaintiff's Complaint be dismissed with prejudice as to defendants Harley Lappin, K.M. White, Warden James Cross and Debbie Lohr for failure to state a claim upon which relief can be granted; that the plaintiff's Complaint be dismissed without prejudice as to defendant Constance Reese for lack of personal jurisdiction; and that the plaintiff's Complaint, insofar as it raises issues regarding the

conditions of his confinement, be dismissed without prejudice to his right to bring an action regarding those conditions in the United States District Court having jurisdiction over USP Talladega. Additionally, Magistrate Judge Joel's Report and Recommendation recommended that the plaintiff's Motion for Temporary Restraining Order (TRO) and/or for a Preliminary Inunction (Doc. 20) be denied for lack of jurisdiction. In this regard, Magistrate Judge Joel noted that the plaintiff's Motion seeks an order enjoining the warden of FCI Talladega and the Regional Director of the Southeast Region, Roy Holt, from destroying, modifying, or changing in any way documents, videos, e-mails, memoranda, records, photos or any other tangible things related to incidents which occurred on March 11, 2010, at FCI Talladega, a Bureau of Prisons facility not within the jurisdiction of the United States District Court for the Northern District of West Virginia.

In his Report and Recommendation, Magistrate Judge Joel provided the parties with fourteen days from the date of service of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report and Recommendation

The plaintiff's Objections to Magistrate Judge Joel's Report and Recommendation were filed with this Court on July 8, 2010. Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or

2

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on July 8, 2010, the plaintiff filed his Objections to the R&R.  The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the plaintiff objected.  The remaining portions of the Report and Recommendation to which the plaintiff has not objected have been reviewed for clear error.

The plaintiff's first objection is to Magistrate Judge Joel's recommendation that his Complaint be dismissed with prejudice as to defendant Debbie Lohr for a failure to state a claim of any constitutional violation on her part and to the determination that the plaintiff had failed to state a claim of any constitutional violation with respect to the process through which he was transferred to a Special Management Unit ("SMU").  Specifically, the plaintiff reiterates his arguments from his Complaint that he was denied an impartial Hearing Administrator in light of the fact that he had appeared before defendant Lohr on numerous occasions for disciplinary proceedings for which she had imposed sanctions, including loss of good time credit.  In this regard, the plaintiff again argues that defendant Lohr was a witness with first-hand knowledge and experience who was able to testify to the factors or matters used in transferring the plaintiff to an SMU.  As Magistrate Judge Joel found in his R&R, Ms. Lohr is a trained and certified Discipline Hearing Officer; the mere fact that she presided over DHO hearings involving the plaintiff does not make her a "witness" within the

3

meaning of PS 5217.01; and any information that Ms. Lohr learned from the plaintiff's prior DHO hearings would have been available to her through a review of the plaintiff's Central Office file. The plaintiff also maintains that he had the right to present evidence and witnesses at every stage of the referral procedure and that he was not afforded this right. As noted by Magistrate Judge Joel, however, the only stage of the referral procedure which an inmate may attend is the hearing conducted by the Hearing Administrator. The record herein reflects that the plaintiff was given the requisite 24- hour notice of the January 12, 2009, hearing on January 9, 2009. (Doc. 1-7, p. 4).

In his second objection to Magistrate Joel's R&R, the plaintiff objects to the Magistrate Judge's recommendation that his Complaint, insofar as it relates to his conditions of confinement, be dismissed without prejudice for lack of jurisdiction. In support of this objection, the plaintiff merely reiterates the conditions of confinement of which he complains and the adverse effects that he alleges he has sustained as a result thereof.

The plaintiff's third objection to the R&R is to the Magistrate Judge's recommendation that the plaintiff's Complaint be dismissed without prejudice as to Defendant Constance Reese for lack of personal jurisdiction. In this regard, the plaintiff argues that the State of West Virginia should "adopt interest of personal jurisdiction over Defendant Reese, under either diversity, extraterritorial or foreign jurisdiction." As Magistrate Judge Joel found in his R&R, the plaintiff has failed to assert any contact whatsoever by defendant Reese with the State of West Virginia, and, for that reason, there is simply no basis by which this Court may exercise personal jurisdiction over her.

In his fourth objection to Magistrate Joel's R&R, the plaintiff objects to the Magistrate

Judge's recommendation that the plaintiff's Complaint be dismissed as to defendants Harley Lappin, K.M. White and Warden James Cross for failure to state a claim upon which relief can be granted. Specifically, the plaintiff disputes the Magistrate Judge's assertion that he failed to identify any action taken by Warden Cross that violated his constitutional rights. In this regard, the plaintiff references page 8 of his Complaint wherein he makes the following allegation: "During the 'first' hearing all past misconduct reported, information, evidence, and allegations is put into a referral packet and sent to the Warden (James Cross) from the Unit Team. Who then will review and made a recommendation to the Regional Director (K.M. White)." This allegation is insufficient, however, to identify a violation of the plaintiff's constitutional rights by Warden Cross. The plaintiff does not address the Magistrate Judge's determination that a remedy under *Bivens* is not available against defendants Lappin and White in their official capacities.

In his fifth and final objection to the Magistrate Judge's R&R, the plaintiff objects to Magistrate Joel's recommendation that his Motion for Temporary Restraining Order (TRO) and/or for a Preliminary Inunction be denied for lack of jurisdiction. The plaintiff provides no explanation of how the United States District Court for the Northern District of West Virginia has jurisdiction over acts occurring at FCI Talladega, a Bureau of Prisons facility located in the State of Alabama.

The Court finds that the issues raised by the plaintiff in his Objections to Magistrate Judge Joel's R&R were thoroughly considered by Magistrate Judge Joel therein. The Court is of the opinion that Magistrate Judge Joel's R&R accurately reflects the law applicable in this case. Accordingly, it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge David J. Joel on June 18, 2010 (Doc. 28), be, and the same is hereby, **ADOPTED** and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the plaintiff's Complaint (Doc. 1) be, and the same is hereby, **DISMISSED WITH PREJUDICE** as to defendants Harley Lappin, K.M. White, Warden James Cross and Debbie Lohr, for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that the plaintiff's Complaint (Doc. 1) be, and the same is hereby, **DISMISSED WITHOUT PREJUDICE**, as to defendant Constance Reese, for lack of personal jurisdiction. It is further

**ORDERED** that the plaintiff's Complaint (Doc. 1), in so far as it raises issues regarding the conditions of the plaintiff's confinement, be, and the same is hereby, **DISMISSED WITHOUT PREJUDICE** as to the plaintiff's right to bring an action regarding those conditions in the United States District Court having jurisdiction over USP Talladega. It is further

**ORDERED** that the plaintiff's Motion for Temporary Restraining Order (TRO) and/or for a Preliminary Injunction (Doc. 20) be, and the same is hereby, **DENIED** for lack of jurisdiction. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the defendants. It is further

**ORDERED** that, should the plaintiff desire to appeal the decision of this Court,

written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* plaintiff and to any counsel of record.

**DATED**: December 23, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE